OPINION
{¶ 1} On May 30, 1996, Brandon Campbell sustained fatal injuries in a motor vehicle accident while at work for Briarwood Landscape Nursery, caused by the negligence of a co-worker.
 {¶ 2} At the time of the accident, Brandon's father, Ric Campbell, was employed by The Timken Company, insured under a commercial automobile policy issued by American and Foreign Insurance Company, and an umbrella policy issued by Federal Insurance Company. Brandon's mother, Carol Campbell, was employed by Ohio Kentucky Oil, insured under a business auto policy issued by Great Northern Insurance Company and an umbrella policy issued by Federal Insurance Company.
 {¶ 3} On June 7, 2002, Ric Campbell, individually and as executor of the estate of Brandon Campbell, together with other next of kin, filed a complaint for declaratory judgment seeking underinsured motorists benefits from various insurance companies. Federal was added as a party on October 9, 2002.
 {¶ 4} All parties filed motions for summary judgment. By judgment entry filed January 17, 2003, the trial court found appellees were entitled to underinsured motorists benefits under the Great Northern and American business auto policies and umbrella coverage under Coverage A of the Federal policies.
 {¶ 5} Federal filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "The Trial Court Erred In Finding That Plaintiff Is Entitled To UM/UIM Coverage Under Federal's Excess Policy Issued To Timken Because The Loss Is Not Covered By The Underlying ROYAL/AFIC Policy."
 II {¶ 7} "The Trial Court Erred In Holding That Plaintiff Is An Insured Under An Endorsement With The Same Definition Of `who Is An Insured' At Issue In Scott-pontzer, When Timken Expressly Rejected Ohio UM/UIM Coverage, And The Policy Clearly Provides That There Is No Ohio UM/UIM Coverage."
 III {¶ 8} "The Trial Court Erred In Holding That Timken's Rejections Of UM/UIM Coverage Under Its Business Auto And Umbrella Policy Are Invalid."
 IV {¶ 9} "The Trial Court Erred In Holding That Plaintiff Qualifies As An `insured' Entitled To Um/uim Coverage Imposed By Operation Of Law Under ROYAL/AFIC's Primary Business Auto Policy And Under Federal's Commercial Umbrella Policy."
 V {¶ 10} "The Trial Court Erred In Finding That Plaintiff Is Entitled To UM/UIM Coverage Under Federal's Excess Policies Issued To Ohio Kentucky Oil."
 VI {¶ 11} "The Trial Court Erred In Finding That Plaintiff's Breach Of The Notice, Cooperation, And Subrogation Provisions In Federal's Excess Policies Issued To Timken And Ohio Kentucky Oil Did Not Preclude Coverage."
 VII {¶ 12} "The Trial Court Erred In Failing To Specify That Plaintiff's UM/UIM Claims Are Not Subject To Arbitration."
 VIII {¶ 13} "The Trial Court Erred In Failing To Issue An Order Specifically Declaring That Federal's Obligation To Provide Excess UM/UIM Coverage, If Any, Does Not Apply Until The Full $5,000,000 Underlying Limit Of Insurance In The ROYAL/AFIC Policy Is Exhausted By Payment Of Claims."
 IX {¶ 14} The Trial Court Erred In Failing To Hold That Federal Is Entitled To A $515,000 Set Off."
 I, V {¶ 15} Federal claims the trial court erred in extending coverage to appellees under its umbrella policies.
 {¶ 16} In its judgment entry of January 17, 2003, the trial court found coverage under Coverage A which states the following:
 {¶ 17} "Under Coverage A, we will pay on behalf of the insured, that part of loss covered by this insurance in excess of the total applicable limits of underlying insurance, provided the injury or offense takes place during the Policy Period of this policy.
 {¶ 18} "* * *
 {¶ 19} "Notwithstanding anything to the contrary contained above, if underlying insurance does not cover loss, for reasons other than exhaustion of an aggregate limit of insurance by payment of claims, then we will not cover such loss.
 {¶ 20} "* * *
 {¶ 21} "This policy will not apply until the insured or the insured's underlying insurer is obligated to pay the full amount of the underlying limit or Retained Limit Aggregate." See, Federal Commercial Umbrella Policy, Form 07-02-0815, Pages 1 and 19 of 21, respectively.
 {¶ 22} In addition, the umbrella policies define an "insured" as "any person or organization included as an insured in underlying insurance." See, Federal Commercial Umbrella Policy, Form 07-02-0815, Page 11 of 21.
 {¶ 23} Pursuant to these provisions, because we have found no coverage to appellees under the underlying Timken commercial automobile policy, Case No. 2003CA00064, and the underlying Great Northern business auto policy, Case No. 2003CA00060, we find no coverage under Federal's umbrella policies.
 {¶ 24} Assignments of Error I and V are granted. The remaining assignments of error are moot.
 {¶ 25} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
Hoffman, P.J. and Wise, J. concur.